**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cameron Leezell Taylor, | No. CV-21-01300-PHX-DLR |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Michael T. Morrissey (Doc. 86) regarding Petitioner's Amended Petition for Writ of Habeas Corpus ("Petition") filed pursuant to 28 U.S.C. § 2254 (Docs. 58, 59). The R&R found that the Petition is untimely; Petitioner is not entitled to equitable tolling; and Petitioner has failed to demonstrate actual innocence. The R&R recommends that the motion to stay and the Petition be denied and dismissed with prejudice. (Doc. 86 at 14.)

**I.  Background**

The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. (*Id.* at 14.) Rather than filing objections to the R&R, Petitioner filed a "Motion for Leave to Extend the Page Limit for Objection to Report and Recommendation" (Doc. 96), a "Motion for Objection to Magistrate Judge's Report and Recommendation Dated January 19th, 2024" (Doc. 104), an "Affidavit in Support of Motion for Objection to Magistrate Judge's

Report and Recommendation Dated January 19th, 2024" (Doc. 98), and a "Memorandum in Support of Motion for Objection to Magistrate Judge's Report and Recommendation Dated January 19th, 2024" (Doc. 105).

## II.  Discussion

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") has a one-year statute of limitations which begins to run "from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year statute of limitations is tolled for the period "during which a properly filed application for State post-conviction or other collateral review . . . is pending." *Id.* § 2244(d)(2).

The Arizona Court of Appeals confirmed Petitioner's conviction on August 29, 2017, and the Arizona Supreme Court denied his petition for review on July 3, 2018. (Doc. 63-2 at 82, 92.) Before his direct appeal was concluded, Petitioner timely filed a notice of state post-conviction relief ("PCR"). (Doc. 63-2 at 88.) On October 10, 2019, the trial court denied Petitioner's PCR petition, finding it presented no colorable claim for relief. (Doc. 63-3 at 35.) Following that denial, there were only two ways Petitioner could continue to avail himself of the statutory tolling that came with the "properly filed" PCR application. He could have filed either (1) a timely motion for reconsideration or (2) a timely petition for review of the denial of the PCR with the Arizona Court of Appeals. *See Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). He did neither. Therefore, the AEDPA one-year statute of limitations began to run on October 11, 2019, the day after the state court denied his PCR.

Following the denial of his PCR petition, Petitioner made several untimely and/or improper filings in both the state trial court and court of appeals. (Doc. 63-3 at 50, 120, 126.) They were all either dismissed or denied. (Doc. 63-3 at 104, 124, 132.) None of these improper filings revived or reset the statutory tolling of the AEDPA statute of limitations.

### a. Equitable Tolling Objection

Petitioner contends that Judge Morrissey erred by failing to find that Petitioner is

entitled to equitable tolling. (Doc. 104 at 3.) Petitioner asserts that he was prevented from timely filing by the extraordinary circumstances of his attorney's malfeasance and that he diligently pursued his post-conviction remedies. (*Id.* at 8.) To obtain equitable tolling of AEDPA's one-year filing deadline, Petitioner must show that "(1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The threshold for equitable tolling is exceedingly high. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). A petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) (citation omitted).

Petitioner's counsel appears to have missed several state court deadlines, but Petitioner has not pointed to a specific instance of his counsels' conduct that rises to the level of "abandonment." Attorney negligence in calculating a filing deadline is not a basis for equitable tolling. *Maples v. Thomas*, 565 U.S. 266, 282 (2012). He also points to his efforts in hiring attorneys and paying their retainers as proof of his diligence. (Doc. 104 at 3.) Specifically, Petitioner alleges that he hired and paid an $18,500 retainer fee to attorney Robert Dossey and that Dossey abandoned him. (*Id.* at 8–9.) He then tried to fix the problem by hiring a second attorney, Todd Nolan, but Dossey clung to Petitioner's file, refusing to turn it over or otherwise cooperate with Nolan. (*Id.* at 9.) Dossey finally turned the file over to Nolan in March of 2022. (*Id.*) But amid this back and forth, and after Petitioner had already paid Nolan $35,000, Nolan passed away. (Doc. 111 at 7–8.) Petitioner alleges that he then hired a third lawyer and paid him $40,000 to file a habeas corpus petition. (*Id.* at 8.)

However, despite the drama with his attorneys, and despite that Dossey's lack of cooperation was ostensibly the reason for his untimeliness, Petitioner nonetheless managed to file a pro se habeas petition long before Dossey turned over the file in March 2022. (*See* Doc. 1.) When Petitioner filed his federal habeas case, he did not have access to Dossey's

- 3 -

file. The history of Petitioner's case and his previous pleadings indicate that he missed the deadline because he miscalculated it.

Petitioner signed his pro se habeas petition and turned it over to prison officials on July 26, 2021, five days before the date Petitioner apparently understood the AEDPA statute of limitations to run. (*See id.*) Nowhere in his petition did Petitioner complain that his filing was delayed by his attorney. (*See id.*) Quite the opposite: Petitioner indicated in his petition that the deadline to file was one year from the state appellate court's dismissal of his PCR petition. (*Id.* at 19.) He represented that his petition was filed in accordance with that deadline. (*Id.*)

In his reply, Petitioner argued that the statute of limitations did not expire until July 31, 2021 because he believed that the statute did not begin to run until July 31, 2020, one year after the thirty-day period during which a petition to review the court of appeals dismissal could have been filed with the Arizona Supreme Court. (Doc. 68 at 2–3.) He was mistaken, and that mistake threw off his calculations of the last day to file. It was this miscalculation—not his attorneys' conduct—that led to the untimely filing.

Petitioner also argues that he could not have known of the correct deadline because he was not made aware that the Arizona Court of Appeals denied his petition for review until he retained Nolan in March of 2022. However, his original habeas petition cites the case number of the petition for review, CR-20-0294. (Doc. 1 at 5.) The only document with that case number was the order dated June 1, 2020, dismissing the petition for review. Petitioner was thus aware of the dismissal long before he retained Nolan.

Even if Petitioner was not aware of the dismissal, with due diligence he could have been. When Dossey was not communicating, Petitioner knew that his PCR appeal was pending. But Petitioner sat idle, never accessing the court website, making a phone call, or writing a letter to the court to check on the status of his appeal. Had Petitioner acted with reasonable diligence and made inquiry at the court to determine the status of his case within a reasonable period, he would have had ample time to file his habeas petition. *See Smith v. Davis*, 953 F.3d 582, 591–92 (9th Cir. 2020).

Petitioner's objections to the R&R's finding that he is not entitled to equitable tolling are overruled. His miscalculation of the tolling of his state-court PCR proceeding is not an extraordinary circumstance, *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 (9th Cir. 2009), even if it was based on the negligent conduct of his attorney. *Lee v. Thornell*, 104 F.4th 120, 131 (9th Cir. 2024) (holding that an attorney's negligent conduct does not constitute abandonment). And Petitioner failed to diligently pursue his rights. Under these circumstances, it was not diligent for Petitioner to sit idly by and not check on the status of his case until after the limitations period had expired. Petitioner has not shown that he was abandoned by his attorney; that his attorneys' performance was an extraordinary circumstance; or that he was prevented from filing on time.

**b. Actual Innocence Objection**

Petitioner also objects to the R&R's finding that he failed to establish his actual innocence claim. (Doc. 86 at 12.) Judge Morrissey found that Petitioner failed to present new, reliable evidence of actual innocence needed to pass through the *Schlup v. Delo* gateway. 513 U.S. 298, 327 (2013). To clear the hurdles set out in *Schlup*, the petitioner must establish his factual innocence of the crime. *Id.* "To be credible, such a claim requires petitioner to support his allegation of constitutional error with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Id.* at 324.

Petitioner's objection does not provide new reliable evidence. Instead, he re-litigates the propriety of a second trial which he asserts was purposely set up by the prosecutors who "goaded" him into requesting a mistrial. (Doc. 104 at 10.) His objection amounts to argument about the sufficiency of the evidence and not actual innocence. Actual innocence means "factual innocence, not mere legal insufficiency." *Pacheco v. Habti*, 62 F.4th 1233, 1243 (10th Cir. 2023) (citation omitted). A double jeopardy claim, like Petitioner is making here, is a claim of legal insufficiency and not actual innocence. *Selsor v. Kaiser*, 22 F.3d 1029, 1036 (10th Cir. 1994).

Petitioner also claims additional "new evidence" in the form of new ballistics

indicating that the murder victim was killed with a projectile consistent with a .30 caliber weapon. (Doc. 111 at 3.) His weapon was a 9mm handgun. (*Id.*) However, Petitioner was tried on alternative theories, including accomplice liability. Petitioner's "new evidence" does not rule out a possibility that his accomplice fired the weapon that killed the victim. His accomplice could have fired the murder weapon, and Petitioner still would have been guilty of crime of conviction. This evidence does not show that he was actually innocent as an accomplice. *See Taylor v. Powell*, 7 F.4th 920, 935–38. (10th Cir. 2021). Petitioner's objections to R&R's recommendation denying his actual innocence claim are overruled.

### c. Remaining Objections

The Court finds the remainder of Petitioner's objections are either frivolous or general and not specific objections. The Court will not address every general objection raised in Petitioner's fifty-page memorandum.

The fact that Petitioner is confined in a correctional facility in Eloy and not in Arizona State Prison Complex-Eyman, as mistakenly stated in the R&R, has no legal relevance to any issue in this matter. (Doc. 104 at 3.) His objection to the R&R's recommendation that the "Motion to Stay and Amended Petition for Writ of Habeas Corpus be denied and dismissed with prejudice" is not a specific objection. (*Id.* at 1.) His objection to the R&R's statement about the state appellate court's decision includes no explanation why he believes this history is incorrect or why it is relevant to any issue in this matter. (*Id.* at 3.) His objection that his lack of legal experience should warrant equitable tolling is too general, and in any event, lack of legal knowledge alone is not an extraordinary circumstance warranting equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). The objection to the entire R&R is, again, a general objection and does not warrant additional comment. For the foregoing reasons, the Court adopts the R&R.

**IT IS ORDERED** as follows:

1. Petitioner's Objections to the R&R (Docs. 104 & 105) are **OVERRULED**.
2. The R&R (Doc. 86) is **ACCEPTED**.
3. Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28

1        U.S.C. § 2254 (Docs. 58 & 59) is **DISMISSED** with prejudice.

2   4. A Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of the Petition is justified by a plain procedural bar; jurists of reason would not find the procedural ruling debatable; and Petitioner has not made a substantial showing of the denial of a constitutional right.

5. The Clerk of the Court shall enter judgment **DENYING** and **DISMISSING** Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Docs. 58 & 59) with prejudice and shall terminate this action.

Dated this 28th day of October, 2024.

Douglas L. Rayes
Senior United States District Judge

- 7 -